UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

Brian Seever,

    Plaintiff,

v.

Kaseya US LLC

    Defendant.
_____/

## COMPLAINT

Plaintiff, Brian Seever, by and through his undersigned attorney, files this Complaint against Defendant, Kaseya US LLC, stating as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, Kaseya US LLC, is a for profit corporation that manages technical support for companies through products and services. Defendant employs more than 2 employees. Defendant engaged in interstate commerce by accepting payment and doing business with interstate clients through interstate means and using materials that have been shipped in interstate commerce. Defendant has grossed more than $500,000 in revenue in each of the last 3 years. By satisfying these thresholds, Defendant is considered an enterprise for purposes of the FLSA.

4. Plaintiff was an employee of Defendant. He was labeled a "Senior Account Manager" but

    this inflated title was given only to mask his true job as a sales associate. Plaintiff had no managerial duties.

5. Plaintiff qualifies for individual coverage under the FLSA because he regularly received and made interstate phone calls and arranged interstate payments.

6. At all times material, Plaintiff was and is a resident of Miami-Dade County, FL.

7. This Court has jurisdiction over Defendant because it engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

8. Venue is proper due to the unlawful employment practices alleged occurring in Miami-Dade County.

## COUNT I: OVERTIME WAGE AND HOUR VIOLATION

9. Plaintiff incorporates paragraphs 1-8 above.

10. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Plaintiff worked for Defendant beginning in January 2022 and continued until his termination in May 2022. Plaintiff estimates this to be a 16 week period.

12. Plaintiff was originally told that he would be working 8:30a to 5p five days per week with a 30 minute lunch. However, this immediately became 8a to 6:30p five days per week with

a 30 minute lunch. Plaintiff estimates that he regularly worked 50 hours per week.

13. Plaintiff was paid a yearly salary of $65,000 plus commissions on sales. This converts to a weekly salary of approximately $1,263.89 though he was paid bimonthly.

14. Plaintiff only received commission during one pay period, April 16-30, 2022. This payment was for $978.30.

15. For most weeks, Plaintiff's regular rate of pay was $1263.89 for 50 hours per week, or $25.28 per hour. However, due to the commissions received during the April 16-30, 2022 pay period, his regular rate for this two week period is $1843.31 for 50 hours per week, or $36.87. His halftime overtime rates for these periods are $12.64 and $18.43 respectively.

16. For the fourteen weeks Plaintiff was not paid commission, he is owed for an extra 10 hours of overtime at a rate of $12.64 per hour, or $1,769.60. For the two weeks he was paid commission, Plaintiff is owed for an extra 10 hours of overtime at a rate of $18.43 per hour, or $368.60. Both totals do not include liquidated damages.

17. Defendant had no real time keeping system in place. Employees, including Plaintiff, were made to submit an 8 hour time card each day but this was merely window dressing to the company's time keeping requirements. The charade is exposed by Plaintiff's paystubs that all show an impossible 86.67 hours per pay period, a lack of time keeping system, and phone and email records which will show Plaintiff working long before and after hours.

18. Despite the title of Senior Account Manager, Plaintiff did not manage any other employees as is required for the FLSA executive overtime exemption. He also could not make decisions to bind the company in any way as is required for the FLSA administrative exemption. Therefore, no white collar FLSA exemption applies to Plaintiff.

19. The FLSA has two sales exemptions, one for inside sales and one for outside sales. The

outside sales exemption is made for door to door sales employees and is not applicable to Plaintiff who spent his time at the office. To qualify for the inside sales exemption under 29 U.S.C. 207i, the employee's income must consist of more than 50% in sales commissions. Plaintiff never reached this threshold. Therefore no sales exemption applies to Plaintiff.

20. Plaintiff seeks to recover unpaid overtime wages accumulated from 3 (three) years prior to the filing of this Complaint.

21. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

22. Defendant knew of and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff these overtime wages and Plaintiff is entitled to recover liquidated damages. Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime payments.

23. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, from this Complaint, Plaintiff demands that:

A.     Judgment is entered for Plaintiff against Defendant on the basis of Defendant's willful

   violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B.  Plaintiff is awarded actual damages in the amount shown to be due for unpaid overtime compensation;

C.  Plaintiff is awarded an equal amount in liquidated damages;

D.  Plaintiff is awarded reasonable attorneys' fees and costs of suit; and

E.  Other and further relief as is deemed equitable and just and/or available pursuant to Federal Law is awarded.

                Dated: October 30, 2022

                Respectfully submitted,

                By: /s R. Edward Rosenberg
                R. Edward Rosenberg, Esquire
                Fla. Bar No.: 88231
                Email: rer@sorondorosenberg.com
                Sorondo Rosenberg Legal PA
                1825 Ponce de Leon Blvd. #329
                Coral Gables, FL 33134
                T: 786.708.7550
                F: 786.204.0844

                Attorney for Plaintiff